IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| STACEY CAUDLE | ) | No. 18 CV 50230 |
| | ) | |
| *Plaintiff*, | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF ILLINOIS, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff brings claims of false arrest, false imprisonment, failure to intervene, and conspiracy under 42 U.S.C. § 1983, and "hate crimes" relating to an incident at the Clinton Township Public Library in August 2014. Before the Court are motions to dismiss by defendants DeKalb County State's Attorney Office and Sarah Frazier (Dkt. 20) and defendants Nancy Radke[1] and Clinton Township Public Library (Dkt. 23). For the following reasons, both motions to dismiss are granted with prejudice. If plaintiff wishes to appeal this order, he must file an appropriate notice of appeal with the United States Court of Appeals for the Seventh Circuit within 30 days after the entry of judgement. Fed. R. App. P. 3, 4(a).

## BACKGROUND

Pro se plaintiff Stacey Caudle brings this action against defendants DeKalb County State's Attorney's Office, DeKalb County Officer Sarah Frazier, the Clinton Township Public Library (the "Library")[2] and Library Director Nancy Radke alleging false arrest, false imprisonment, conspiracy, failure to intervene, and "hate crimes." Dkt. 1 at 2. The following is drawn from allegations in the Complaint and information from relevant state court documents in the public record.[3]

---

[1] The Court granted defendant Radke's oral motion to join in the Clinton Township Public Library's motion to dismiss on November 28, 2018. Dkt. 36.

[2] Plaintiff also alleged claims against Library employee Anne Underwood and the State of Illinois; however, plaintiff voluntarily dismissed the claims against them on January 16, 2019. Dkt. 43.

[3] Defendants Frazier and DeKalb County attached state court documents from plaintiff's underlying criminal case to their memorandum in support of their motion to dismiss. Dkt. 21 Exs. A–E. When considering a motion to dismiss under Fed. R. Civ. P. 12(b), the Court may take judicial notice of public documents. *See Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986); *see also, e.g.*, *Olson v. Champaign County*, 784 F.3d 1093, 1097 n. 1 (7th Cir. 2015) ("As a general rule, [the Court] may take judicial notice of public records not attached to the complaint in ruling

Plaintiff is a registered sex offender. On about August 22, 2014, plaintiff visited the Clinton Township Public Library. Library Director Nancy Radke discovered plaintiff's sex offender status and didn't think he should be at the library Dkt. 1 at 4. Eventually, Radke asked to speak with plaintiff in private, where she also told him to leave the Library as she thought "an arrest would happen there. . . ." Dkt. 1 at 4. Officer Sarah Frazier came to the Library "undercover" and later reported to the DeKalb County Court that plaintiff was playing solitaire at the Library. A warrant issued for plaintiff's arrest for unlawful association by a sex offender under Illinois law on August 22, 2014, and he was arrested at his home the same day. *See* Dkt. 1 at 4; Dkt. 21 Ex. A.

Plaintiff was originally held on bond, then released to home confinement and electronic monitoring. Dkt. 21 Ex. C. On November 3, 2015, the state Circuit Court removed the home confinement and monitoring restrictions. *Id*. Ex. D. On June 30, 2016, plaintiff received a favorable directed verdict finding in his criminal case. *Id*. Ex. E. Almost precisely two years later, on June 29, 2018, plaintiff filed this lawsuit, alleging false imprisonment, false arrest, conspiracy, failure to intervene, and "hate crimes". Dkt. 1 at 2.

## **ANALYSIS**

A complaint must contain a short plain statement of the claim that shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When deciding a motion to dismiss under Rule 12(b)(6), a court draws all reasonable inferences in favor of the plaintiff and accepts all well-plead allegations in the complaint as true. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 603 (7th Cir. 2011). However, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Detailed factual allegations are not required, however a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 555. These requirements are meant to put defendants on notice of the alleged claims and the bases of those claims. *Twombly*, 550 U.S. at 556. The complaint must be read and taken as a whole. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

Finally, pro se complaints are generally held to a less stringent standard and are more liberally construed than those drafted by a lawyer; however, pro se plaintiffs may plead themselves out of court if they plead facts that undermine the claims alleged in the complaint. *Henderson v. Sheehan*, 196 F. 3d 839, 845–46 (7th Cir. 1999).

---

on a motion to dismiss under 12(b)(6)."). Therefore, the Court takes judicial notice of the attached state court documents for the purposes of the instant motions.

**I. Eleventh Amendment**

As a preliminary matter, the defendant State Attorney's Office argues that the claims against it are barred by the Eleventh Amendment of the United States Constitution, the Court does not have subject-matter jurisdiction to hear plaintiff's claims against it, and, therefore, it should be dismissed from the suit with prejudice under Fed. R. Civ. P. 12(b)(1). Plaintiff's response does not address this argument. Dkt. 38. The Eleventh Amendment bars suits by private litigants against states or state agencies brought in federal courts. *Garcias v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The State's Attorney's Office is an Illinois state agency; therefore, the Eleventh Amendment bars private suits brought against it in federal court. *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265 (7th Cir. 1999). Because the Eleventh Amendment bars any claims brought in federal court against the DeKalb County State Attorney's Office, it is dismissed from this lawsuit with prejudice.

**III. Statute of Limitations**

Defendants[4] principally argue that plaintiff's claims must be dismissed because they are time-barred by the applicable statute of limitations. Dkt. 21 at 2; Dkt. 25 at 2. Although "[o]rdinarily a district court should not dismiss a suit based on the affirmative defense of the statute of limitations . . . it may do so if the dates provided in the complaint establishes that the suit is 'hopelessly time-barred' . . . ." *McNeil v. The Salvation Army*, No. 18-2508, 2019 U.S. App. LEXIS 5873, at *4 (7th Cir. Feb. 27, 2019) (quoting *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)); *see also Collins v. Vill. of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017) (Fed. R. Civ. P. 12(b)(6) dismissal based on statute of limitations appropriate where "the complaint contains everything necessary to establish that the claim is untimely.")

   *A. Claims Brought Under § 1983*

To determine the statute of limitations period for § 1983 actions, federal courts look to the applicable limitations period in state law personal injury actions. 42 U.S.C. § 1988(a); *Regains v. City of Chicago*, 15-2444, 2019 U.S. App. LEXIS 7381, at *7 (7th Cir. Mar. 13, 2019) *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). The statute of limitations for personal injury actions in Illinois, and, therefore, also for federal § 1983 claims brought in Illinois, is two years. 735 ILCS 5/13-202; *Regains*, 2019 U.S. App. LEXIS 7381, at *6–7; *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). Defendants argue that plaintiff's suit filed on June 29, 2018, based on events that occurred in 2014, is untimely. In response to defendants' argument that the claims are barred by the statute of limitations, plaintiff briefly states in his response brief that time begins to accrue for limitations purposes at the time the state court ruled in his favor in his underlying criminal prosecution, or June 30, 2016. Dkt. 38 at 1, ¶ 2. Plaintiff

---

[4] The State Attorney's Office also argues dismissal based on statute of limitations theories. The Court notes that assuming the Eleventh Amendment did not bar the claims against the State's Attorney's Office, the claims would still be time-barred as discussed below.

cites no authority to support this argument. The Court shall address the parties' timeliness arguments by claim.

*1. False Arrest*

Plaintiff alleges false arrest in violation of the Fourth Amendment under § 1983 based on his arrest at his home on August 22, 2014. Dkt. 1 at 2. A false arrest claim accrues on the date a plaintiff is first held by legal process, not the date the plaintiff ultimately receives a favorable ruling in his underlying criminal action. *Wallace v. Kato*, 549 U.S. 384, 389–92, 397 (2007); *Regains*, 2019 U.S. App. LEXIS 7381, at *8–9; *Serino*, 735 F.3d at 591.

In this case, plaintiff alleges that defendants arrested him on August 22, 2014 without probable cause. Dkt. 1 at 2. According to documents in the public record, plaintiff was held in custody by legal process, bond, on August 23, 2014. Dkt. 21 Ex. B. The state court then released him to home confinement with electronic monitoring on August 28, 2014. Later, on November 3, 2015, the court removed all home restrictions. *Id*. at Exs. C, D. Plaintiff's cause of action for false arrest thus accrued at the latest on August 23, 2014, the date he was held by legal process, not June 30, 2016, the date he received a favorable ruling in his underlying criminal case. Plaintiff had until August 23, 2016 to file his false arrest claim, but he filed his complaint on June 29, 2018, approximately one year and ten months after the two-year period had passed. Therefore, plaintiff's false arrest claim is time-barred and dismissed with prejudice.

*2. False Imprisonment*

Plaintiff also alleges false imprisonment in violation of the Fourth Amendment under § 1983 stemming from the same August 22, 2014 arrest. Dkt. 1 at 2. For false imprisonment, the claim accrues when a plaintiff is held pursuant to legal process or, to the extent a plaintiff claims they were held without probable cause, when his detention ends, not at the time the plaintiff eventually receives a favorable court finding. *Wallace v. Kato*, 549 U.S. 384, 389–91 (2007); *Regains*, 2019 U.S. App. LEXIS 7381, at *8–9; *Manuel v. City of Joliet*, 903 F.3d 667, 670 (2018) (false imprisonment claims contest time spent in custody, not nature of pre-custody events like false arrest; false imprisonment claims accrue when allegedly false imprisonment ends), *petition for cert. filed*, (U.S. Feb. 22, 2019) (No. 18-1093); *Brown v. Dart*, 876 F.3d 939, 940 (7th Cir. 2017).

Plaintiff was arrested on August 22, 2014 pursuant to an arrest warrant. Dkt. 21 Ex. A. Plaintiff was later put on electronic home monitoring and associated restrictions, but the state court removed those restrictions on November 3, 2015. *Id*. at Ex. D. Measuring from the latest date from which the limitations period could arguably be said to apply, when plaintiff's home monitoring restrictions were removed on November 3, 2015,[5] plaintiff had until November 3, 2017 to file the false arrest claim. Plaintiff filed this lawsuit on June 29, 2018, approximately

---

[5] The DeKalb County defendants dispute that GPS electronic monitoring constitutes imprisonment or detention. Dkt. 21 at 3. However, the Court need not address this issue because plaintiff's claim is barred by the limitations period even assuming detention ended, and the cause of action accrued, on November 3, 2015.

seven months after the two-year statutory period had passed even under the calculation most favorable to the plaintiff. Therefore, plaintiff's false imprisonment claims under § 1983 are barred by the two-year statute of limitations and must be dismissed with prejudice.

### 3. Failure To Intervene

Plaintiff alleges defendants failed to intervene to protect him from violation of his civil rights during the August 22, 2014 arrest. Dkt. 1 at 2. Failure to intervene claims under § 1983 must be premised on an underlying constitutional violation; thus, the failure to intervene claim "is timely to the extent it encompasses timely constitutional actions." *Gordon v. Devine*, No. 8 CV 377, 2008 U.S. Dist. LEXIS 81234, at *19 (N.D. Ill. Oct. 14, 2008) (citing *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005)).

In this case, the underlying constitutional violation that the plaintiff alleges generally is his August 22, 2014 arrest. Dkt. 1 at 2. However, as discussed above, plaintiff's constitutional claims premised on his August 22, 2014 arrest are time-barred, and plaintiff alleges no other timely constitutional violations in his complaint. Therefore, the failure to intervene claims relating to the time-barred constitutional claims are also time-barred and dismissed with prejudice.

### 4. Conspiracy

Plaintiff alleges the defendants conspired together to violate his civil rights.[6] Dkt. 1 at 2, ¶ 6; Dkt. 38 at 51. For conspiracy claims brought under § 1983 or § 1985, the claim accrues when the plaintiff becomes aware that he is suffering from a wrong entitling him to civil damages. *Johnson v. Illinois*, No. 96-4102, 1997 U.S. App. LEXIS 17963, at *5 (7th Cir. July 14, 1997); *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). In other words, "the timeliness analysis for accrual of conspiracy actions is the same as that for the underlying acts." *Hobley v. Lotito*, 3 CV 3678, 2004 U.S. Dist. LEXIS 20844, at *22 (N.D. Ill. Oct. 2004).

In this case, plaintiff alleges defendants engaged in a conspiracy to deprive him of his constitutional rights by falsely arresting him on August 22, 2014, and falsely imprisoning him over the next few months. However, the false arrest and false imprisonment claims are time-barred by the two-year statute of limitations as discussed above, and plaintiff has not otherwise alleged any timely constitutional claims upon which a conspiracy claim could be based.[7] The latest any conspiracy claim based on any constitutional violation alleged in the complaint

---

[6] In his response, plaintiff attached a copy of 18 U.S.C. § 371, which criminalizes conspiracy against the United States. Dkt. 38 at 54. However, as the Court explains in its analysis of plaintiff's "hate crimes" allegations, federal criminal statutes do not create constitutional rights cognizable under § 1983.

[7] As discussed in greater detail below, plaintiff arguably alleges a conspiracy to deprive him of his First Amendment rights in his response brief. *See* Dkt. 38 at 51. Because the possible First Amendment claims are time-barred, see *infra* at III, for the same reasons the conspiracy claims as to the false arrest and imprisonment claims are time-barred, any conspiracy claims based on the First Amendment claims are also time-barred.

accrued is November 3, 2015, the latest date on which the underlying false imprisonment cause of action could have accrued. Any conspiracy claim based on plaintiff's false imprisonment had to be filed by November 3, 2017. Because the underlying alleged constitutional violations are time-barred, and plaintiff has not otherwise alleged any timely constitutional claims, the conspiracy claims relating to them are also time-barred and are therefore dismissed with prejudice.

### *B. State Law Claims*

To the extent plaintiff's complaint can be construed to allege any Illinois state law claims, see Dkt. 1 at 5, ¶14, they are also time-barred. The statute of limitations for state law tort claims against a local entity or its employees in Illinois is one year. 745 ILCS 10/8-101 (Illinois Local Governmental and Governmental Employees Tort Immunity Act) (the "Act"); *Palmer v. Board of Educ.*, 46 F.3d 682, 684 (7th Cir. 1995). The Clinton Township Public Library is a local public entity of the state of Illinois as defined by the Act, thus the one-year period applies to claims brought against it. *See* 745 ILCS 10/1-206 (public entity definition includes "library systems" and other non-profit corporations); *Simmons v. Chicago Pub. Library*, 860 F. Supp. 490, 495 n. 5 (N.D. Ill. June 15, 1994) (applying one-year statutory limitation to claims against the Chicago Public Library). DeKalb County Officer Frazier and Library employee Radke are public employees as defined by the Act. *Id*.; 745 ILCS 10/1-207; *see also Bourke v. County of DuPage*, 8 CV 7200, 2009 U.S. Dist. LEXIS 118969, at *7–8 (N.D. Ill. Dec. 22, 2009) (explaining that the Act excludes state, not county, employees).

As a result, any state tort claims plaintiff alleges against these defendants had to be brought within a year of the date they accrued to be actionable. Plaintiff failed to file his complaint in time to avoid the two-year limitations period; thus, he has not filed this suit alleging state law claims based on the same factual allegations in time to meet more stringent one-year statute of limitations imposed by 745 ILCS 10/8-101. *See Williams v. Lampe*, 399 F.3d 867, 869–70 (7th Cir. 2005); *see also Cooperwood v. Farmer*, 315 F.R.D. 493, 499–500 (N.D. Ill. 2016). Relatedly, even assuming the one-year statute of limitations is inapplicable, plaintiff failed to file this suit in time to avoid the generally applicable two-year statutory bar for the relevant personal injury actions in Illinois. Either way, the state law claims are time-barred. Because the state law claims against the remaining defendants had to be brought within, at most, two years from the date they accrued, the state law claims alleged against the remaining defendants based on the August 22, 2014 arrest are also time-barred and dismissed with prejudice.[8]

## III. Hate Crimes

Plaintiff also generally alleges "hate crimes" against the defendants. Dkt. 1 at 2. However, § 1983 only permits a civil claim where a defendant violates a plaintiff's constitutional

---

[8] Further, because no federal claims remain, even if the state law claims were timely filed, the Court in its discretion would decline the exercise supplemental jurisdiction over those remaining claims. *See* 28 U.S.C. § 1367(c)(3); *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1041 (7th Cir. 2018).

or federal statutory rights under the color of state law. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Rodriguez v. Plymouth Ambulance Serv.*, 557 F.3d 816, 822 (7th Cir. 2009). Though federal law does cover hate crimes, see 18 U.S.C. § 249, federal criminal statutes do not create constitutional rights which are cognizable under § 1983. *See, e.g.*, *United States v. Claflin*, 97 U.S. 546, 547 (1878) ("That act contemplated a criminal proceeding, and not a civil action . . . . It is obvious, therefore, that its provisions cannot be enforced by any civil action . . . ."); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (generally no right for private litigants to enforce criminal statutes); *Weiland v. Byrne*, 392 F. Supp. 21, 22 (N.D. Ill. 1975). Because hate crimes are federal criminal statutes and are not cognizable under § 1983, the hate crimes claim is dismissed with prejudice.[9]

**IV. First Amendment Claim**

In his response, plaintiff attempts to allege an entirely new cause of action under § 1983 for violation of his First Amendment rights. Dkt. 38 at 2. Plaintiff states that defendants, though it is unclear which ones, violated his First Amendment "right to receive information" when they kept him from entering the Library on August 22, 2014. *Id*. In support of this new allegation, plaintiff attached a copy of *Doe v. City of Albuquerque*, 667 F.3d 1111 (10th Cir. 2012) to his response, a Tenth Circuit case where a plaintiff brought a First Amendment facial challenge to a city ordinance banning registered sex offenders from entering public libraries. *Id*. at 3.

Though a Court may consider new factual allegations alleged in a response brief to a motion to dismiss, see *Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001), a plaintiff may not raise entirely new claims or amend a complaint in a response brief to a motion to dismiss. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011); *Williams v. Ameriquest Mortg. Co.*, 14 CV 0401, 2014 U.S. Dist. LEXIS 101192, at *13 (N.D. Ill. July 24, 2014). However, though ordinarily a court should "freely give leave [to amend a complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2), where amending a complaint to add a claim is futile, a court may deny leave to amend. *See e.g.*, *Foman v. Davis*, 371 U.S. 187 (1962) (indicating leave to amend may be denied if new claim would be futile); *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–21 (7th Cir. 2015)("a plaintiff whose original complaint has been dismissed under 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed . . . [u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

First Amendment claims under § 1983 accrue when a plaintiff knows or should know that his constitutional rights have been violated. *Wilson*, 956 F.2d at 740. Here, plaintiff claims that his right to information under the First Amendment was violated when he was denied access to the Library on August 22, 2014 because of his sex offender status. Based on plaintiff's allegations and relevant state court documents, plaintiff knew he was denied access to the

---

[9] Plaintiff's allegations in this regard are better taken as a state statutory civil claim under the Illinois Hate Crime Act, which does provide a civil remedy for alleged hate crimes in lieu of a criminal conviction for hate crimes. 720 ILCS 5/12-7.1(c). However as previously discussed, plaintiff's state law claims, including the hate crime claim, are time-barred. *See supra* at II.B.

7

Library because he was a sex offender on August 22, 2014, the day he was denied access to the Library; therefore, he knew all the relevant facts necessary to bring a § 1983 action for violation of his First Amendment rights at that time. Therefore, plaintiff had two years from that date, or until August 22, 2016, to file this lawsuit. However, he filed this suit on June 29, 2018, almost two years later. Because any possible First Amendment claims stemming from the day plaintiff was turned away from the Library on August 22, 2014 are time-barred, the Court will not grant plaintiff leave to amend his complaint to add them.

### V. Failure to State a Claim

Defendants also argue plaintiff's complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkts. 21 at 4; 25 at 3. The Court has already found plaintiff's claims either time-barred or not cognizable under § 1983, and the claims against the State's Attorney's Office barred by the Eleventh Amendment. Therefore, the Court need not address the failure to state a claim arguments.

### CONCLUSION

For these reasons, the defendants' motions to dismiss [20] [23] are granted as follows: the DeKalb County State's Attorney's Office is dismissed from this case with prejudice; plaintiff's claims against the remaining defendants are dismissed with prejudice as time-barred. If plaintiff wishes to appeal this order, he must file an appropriate notice of appeal with the United States Court of Appeals for the Seventh Circuit within 30 days after the entry of judgement. *See* Fed. R. App. P. 3, 4(a). This case is closed.

Date: February 5, 2019

x _____
Magistrate Judge Iain D. Johnston